### IN THE UNITED STATES DISTRICT COURT FOR THE
### NORTHERN DISTRICT OF FLORIDA
### GAINESVILLE DIVISION

**JOHN E. HARTLEY,**

> **Petitioner,**

**v.**                                                                    **Case No. 1:18-cv-5-AW-GRJ**

**SECRETARY, FLORIDA DEP'T OF**
**CORRECTIONS,**

> **Respondent.**

_____/

## ORDER ADOPTING REPORT AND RECOMMENDATION

John E. Hartley initiated this case with his § 2254 petition attacking his state conviction and sentence. ECF No. 1. The magistrate judge issued a report and recommendation concluding the petition should be denied without an evidentiary hearing. ECF No. 39. Hartley responded with objections, but rather than challenge specific portions of the report and recommendation, the objections reiterated the arguments in Hartley's petition and reply. *See* ECF No. 40 at 1-2 ("The Petitioner is not going to waste this honorable court's valuable time with a lot of wording and case law, Petitioner['s] habeas corpus and reply to the Attorney General's response speak for [themselves].").

I have carefully considered the petition, the response, the reply, the report and recommendation, and Hartley's objections. I now conclude that the report and recommendation should be adopted.

1

Hartley's first claim is that appellate counsel was ineffective. Hartley testified at his first trial, and at his second trial, the state introduced his recorded testimony from the first trial. According to Hartley's petition, the introduction of this testimony let the jury know there had been a first trial because of an isolated reference in a question—"give the jury an idea of what that work comprised of . . . ." ECF No. 1 at 15. I agree with the magistrate judge that Hartley did not show deficient performance or prejudice. And he certainly did not show that the state court's conclusion on that score was an unreasonable application of *Strickland*. *Cf. Harrington v. Richter*, 562 U.S. 86, 103 (2011).

Hartley's second claim is that trial counsel was ineffective for not objecting to the use of the recorded testimony at the second trial because the testimony (from the first trial) was involuntary. ECF No. 1 at 17. Hartley argues that he was misadvised at the first trial about the consequences of his testifying. Again, I agree with the magistrate judge. There was no showing that the testimony from the first trial was involuntary. Indeed, the record includes part of the first trial's transcript, in which Hartley told the judge that he had discussed with counsel the pros and cons of testifying, that he understood he could be impeached as to his convictions, that he was making the decision to testify freely, and that he would not likely be permitted to use the fact that he testified in any postconviction proceeding about ineffective

assistance of counsel. ECF No. 29-27 at 200-03. At any rate, Hartley has not shown that the state court's rejection of this claim was an unreasonable application of law.

Hartley's third claim is that his trial counsel was ineffective for not objecting to impeachment of one of his witnesses. ECF No. 1 at 18. As the magistrate judge concluded, the objection would have been futile, so there was no deficient performance. Again, Hartley has not shown that the state court's decision was an unreasonable application of law.

Finally, Hartley contends trial counsel was ineffective for not objecting to the jury instructions. Part of the Stand-Your-Ground instruction said "[i]f the defendant was not engaged in an unlawful activity and was attacked in any place where he had a right to be, he had no duty to retreat and had the right to stand his ground." ECF No. 29-12 at 107. According to Hartley, the "not engaged in an unlawful activity" language meant the jury would have to reject the defense because he was unlawfully using crack cocaine. But the instruction was a standard instruction, and it faithfully tracked the language of the then-applicable Stand-Your-Ground law. Counsel did not perform deficiently by not objecting. And the state court's rejection of this claim was not an unreasonable application of *Strickland*.

For these reasons, I conclude the petition must be denied. The last question is whether to grant a certificate of appealability. I find that Hartley has not "made a

substantial showing of the denial of a constitutional right," 28 U.S.C. § 2253(c)(2), so I will deny a certificate of appealability.

It is now ORDERED:

1.      The Report and Recommendation (ECF No. 39) is adopted and incorporated into this order.

2.      The clerk will enter a judgment that says, "The § 2254 petition is denied on the merits without an evidentiary hearing."

3.      A certificate of appealability is DENIED.

4.      The clerk will close the file.

SO ORDERED on March 22, 2021.

s/ *Allen Winsor*
United States District Judge